IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TED P. JONES, SR.,**

    **Petitioner,**

**vs.**                                        **Case No. 4:06cv48-WS/WCS**

**JAMES CROSBY,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL

Petitioner filed a petition for writ of habeas corpus, application to proceed in forma pauperis, motion for appointment of counsel, and request for injunction. Docs. 1, 2, 5 and 9. In separate orders, the application to proceed in forma pauperis is granted and the motion for counsel is denied.

Petitioner asserts that on May 1, 2001, he escaped from custody in Wisconsin. Doc. 1, p. 2. On August 8, 2001, he was arrested in Florida for violation of Florida laws. *Id.* The State of Wisconsin issued a warrant for the escape on August 30, 2001, and Petitioner signed a waiver of extradition on December 6, 2001. *Id.*, pp. 2-3 and Exs. A and B. The violation warrant was issued by the Wisconsin Department of Corrections,

to be used as a hold with Wisconsin to extradite. Ex. A. On December 14, 2001, Petitioner was sentenced to five years by the Circuit Court in Volusia County for the Florida offense. Doc. 1, p. 3, and Ex. C. The judgment provided that "All Volusia County Cases are concurrent - Consecutive w/Wisconsin cases." Ex. C, p. 1 (which is p. 4 of the judgment).

On October 8, 2003, Petitioner filed a grievance with Florida officials, and a response was issued on October 23, 2003. Doc. 1, pp. 3-4 and Exs. C and D. The grievance referred to the detainer filed against him by Wisconsin, and claimed that pursuant to the language of the sentence (regarding the concurrent and consecutive nature of the term), the sheriff was required to turn Petitioner over to Federal Marshals for transport to Wisconsin, and the Florida Department of Corrections should not have accepted custody. Ex. C, pp. 2-3. According to the response, Petitioner would be extradited by Wisconsin on completion of the Florida sentence, and the Wisconsin hold was for an unsatisfied prison term rather than untried charges. Ex. D.

Petitioner argues that since the Florida sentence was to be served consecutive to the Wisconsin sentence, he "should have been sent to Wisconsin to finish his Wisconsin case before starting his Florida sentences which were consecutive sentences." Doc. 1, p. 5, referencing Ex. C. He asserts that the Florida Department of Corrections should not have accepted him into custody. Rather, he contends that Wisconsin should have picked him up following the sentencing in Florida. *Id.*, pp. 3-4. For relief, Petitioner asks that all time served in Florida be credited to the Wisconsin sentence, a declaration that Florida officials erred in taking him into custody, and a declaration that Wisconsin officials erred in failing to timely extradite him on the warrant and signed waiver. *Id.*, pp.

5-6. Petitioner cites 18 U.S.C. § 3182, 28 U.S.C. § § 2241 and 2254, and Fla. Stat. § 941.01, et seq.

Petitioner filed a notice of address change dated February 13, 2006, indicating he was transferred to the Lafayette County Jail. Doc. 8. In the motion for injunction, Petitioner alleges that he was served with a Governor's warrant from Wisconsin on February 10, 2006, and was told that Wisconsin officials would come to get him within ten days. Doc. 9. Petitioner asks this court to order county jail officials not to release him to Wisconsin officials for extradition. The ten days has passed and the request for injunction is most likely moot.[1]

Section 3182, implementing the Extradition Clause of the Constitution, provides that the executive authority of the requesting state (the state from which a fugitive fled) may demand of the executive authority of the detaining state (the state to which the fugitive fled) to arrest and deliver the fugitive to an agent of the requesting state. See Harden v. Pataki, 320 F.3d 1289, 1292-93 and nn. 1 and 2 (11th Cir. 2003) (quoting the Constitution and § 3182); Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999) (quoting the Constitution, discussing § 3182). Irregularities in extradition procedures do not invalidate the underlying conviction or sentence for which the fugitive was extradited. 320 F.3d at 1296-98.

In Aycox, the petitioner escaped from custody in New Mexico, where he was serving a six year sentence of incarceration (to be followed by two years of probation)

---

[1] According to the web site for the Florida Department of Corrections, Petitioner was released from Department custody on February 9, 2006. The Wisconsin detainer is noted, but there is no indication that Petitioner was transferred to the Lafayette County Jail or to Wisconsin.

Case No. 4:06cv48-WS/WCS

and a warrant was issued for his arrest on the escape.  196 F.3d at 1176.  He fled to California, where a warrant was pending on a burglary charge.  *Id.*  He was arrested in California on the New Mexico and California warrants.  *Id.*  Petitioner signed a waiver of extradition to New Mexico at the California arraignment on May 20, 1994, and on July 1, 1994, was sentenced to four years on the California burglary, to run *concurrently* with the term in New Mexico.  *Id.*  In November of 1994 he was transported to New Mexico on the escape charge.  The new charge was dismissed, and he was returned to California on May 19, 1995.  *Id.*  The petitioner tried unsuccessfully several times to obtain extradition to New Mexico.  Following release on parole in California, the petitioner was returned to New Mexico to serve the remainder of his six year sentence.  *Id.*  He argued that New Mexico should have extradited him prior to service of the California sentence, or should have awarded credit against his New Mexico sentence for the time served in California.  *Id.*

The court found no authority to support a claim that a fugitive has a right to compel his own extradition.  *Id.*, at 1178.  "In fact, authority is to the contrary."  *Id.*

> "[T]he constitutional dimension of extradition exists only when demand is made by one jurisdiction for the surrender of a person in another jurisdiction."  Aycox fails to show that New Mexico made any executive demand on California authorities to surrender him for service of the New Mexico sentence.[FN4]  Thus, the constitutional rights connected to extradition proceedings did not attach.
>
>> FN4.  Aycox argues that such a demand was made as to the escape charge.  He fails to show, however, that New Mexico was obligated to retain custody of him or to seek extradition on other charges after the escape charge was dismissed.

*Id.* (citation omitted).  The court distinguished cases where an untried charge was lodged against a person in another state.  *Id.*, at 1178-79.  The court noted that § 3182

Case No. 4:06cv48-WS/WCS

allows discharge if the requesting state does not appear in 30 days to pick up the prisoner. *Id.*, at 1179. "Obviously, the statute refers to discharge from detention in the detaining state, not discharge from an existing sentence in the requesting state." *Id. See also* Fla. Stat. § 941.19 (if prosecution has been instituted in Florida, the Governor "either may surrender the person on demand of the executive authority of another state or hold the person until he or she has been tried and discharged or convicted and punished in this state.").

Petitioner's case is even less persuasive than in Aycox, where the intent of the one state court was to make its sentence *concurrent* with the sentence from another state. Petitioner Jones was held in Florida custody for a Florida offense, and the violation warrant out of Wisconsin was lodged as a detainer. The Florida judgment specified that the Florida sentences would be *consecutive* with the Wisconsin cases. Petitioner is either confused as to the meaning of the words concurrent and consecutive,[2] or believes that being "consecutive" required that the Wisconsin sentence be served first. Petitioner is not entitled to choose the order in which his sentences, imposed by different states, are served. *See* Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607 (1922) ("the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."); Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir. 1980) (rejecting contention "that we should create a rule that a prisoner is entitled to serve first

---

[2] Concurrent sentences are served simultaneously, while consecutive sentences are served in sequence, such that time served on one does not count against the other.

the sentence arising from the first conviction. . . 'A person who has violated the criminal statutes of both Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.'") (citations omitted); <u>Harding v. United States</u>, 851 F.2d 1305, 1306-07 (11th Cir. 1988) (quoting <u>Causey</u>).

It is therefore respectfully **RECOMMENDED** that Petitioner's petition for writ of habeas corpus and request for injunction (docs. 1 and 9) be summarily **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2006.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**